NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0720n.06

No. 08-5443

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Nov 17, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SAMUEL YENAWINE, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| JOHN MOTLEY, Warden | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE:    DAUGHTREY, GILMAN, McKEAGUE, Circuit Judges.

**PER CURIAM.**  Upon learning that he was under indictment, Samuel Yenawine turned himself in to police in Indiana and was extradited to Louisville, Kentucky.  During interrogation, Yenawine told police officers, "I might need to speak with my lawyer about whether I should talk with you."  Yenawine then named his attorney and produced his attorney's business card, which included printed text that stated, among other things, that he would not answer questions without his lawyer present.  The police officers then mistakenly informed Yenawine that his attorney could not represent him due to a conflict, and Yenawine proceeded to give a recorded confession.  This confession was used at trial over Yenawine's objection, and he was convicted of arson and various other crimes.  The Kentucky Supreme Court reversed the arson conviction on other grounds, but upheld the remaining convictions, holding that Yenawine's confession was admissible because Yenawine did not make an unambiguous or unequivocal request for counsel.  *Yenawine v.*

*Commonwealth*, No. 2003-SC-0283-MR, 2005 WL 629007, at *3 (Ky. Aug. 25, 2005) (citing *Davis v. United States*, 512 U.S. 452, 462 (1994)). On August 22, 2006, Yenawine filed a petition for writ of habeas corpus. Under the relevant subsection, the writ should be granted only if the state-court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The district court denied Yenawine's petition, reasoning that the state-court decision was not an unreasonable application of *Davis*. *Yenawine v. Motley*, No. 3:06CV-413-R, 2008 WL 347820, at *8 (W.D. Ky. Feb. 7, 2008). This appeal followed.

We conduct *de novo* review of a district court's denial of habeas corpus. *Abela v. Martin*, 380 F.3d 915, 924 (6th Cir. 2004). In *Abela*, this court granted habeas relief to a petitioner who gave a statement that was used at trial and solicited under facts that are strikingly similar to those of this case: (1) the petitioner was under police interrogation when he stated, "[M]aybe I should talk to an attorney"; (2) the petitioner named his attorney and gave the police officer his attorney's business card; and (3) shortly thereafter, the police continued questioning the petitioner and he gave a statement. *Id*. at 919. The court held that the state-court decision admitting Abela's statement at trial was contrary to clearly established federal law. *Id*. at 927. *Abela* thus controls the outcome in this case. We therefore must hold that the state-court decision allowing the use of Yenawine's statement at trial was contrary to clearly established federal law. Accordingly, we **REVERSE** the district court's judgment and **REMAND** to the district court with instructions to grant the writ of habeas corpus, unless the state elects to retry Yenawine within ninety days of the date of this opinion's entry.